## City of Scranton v. Evans.

*Practice, C. P.—Certiorari to magistrate—Depositions to contradict transcript.*

1. Although in cases of *certiorari* the general rule is that the court is not to look beyond the transcript, yet to prevent injustice, depositions are admissible to show that the record is false. Thus, where the transcript showed that the defendant had pleaded *nolo contendere* and that judgment had been entered after a full hearing before the magistrate, depositions were admitted to show that the defendant had made no such plea and no evidence of any kind had been taken.

*Practice, J. P.—Criminal law—Nolo contendere.*

2. The plea of *nolo contendere* has no place before a committing magistrate.

*Certiorari.* C. P. Lackawanna Co., May T., 1923, No. 256.

*J. K. Barrett*, Assistant City Solicitor, for plaintiff.

*H. B. Andrews* and *D. J. Lindley*, for defendant.

EDWARDS, P. J., Nov. 28, 1923.—The record of the magistrate in this case is complete so far as the information is concerned, and so far as relates to the nature of the charge against the defendant. There were two cases before the magistrate, each involving a violation of some of the provisions of the automobile laws. In each case defendant was fined $25, and in default of the payment thereof, imprisonment for five days.

The transcript has this entry: "Information read to defendant, who pleads *nolo contendere;*" and the following entry: "After a full hearing of all the evidence . . . I do hereby adjudge the defendant guilty."

Defendant by depositions has established the facts: (1) That he made no such plea; and (2) that no evidence of any kind was given. On the question of allowing depositions in cases of *certiorari*, the general rule is that the court is not to look beyond the transcript. However, the cases are numerous where, to prevent injustice, evidence by depositions is allowed. This is an exception to the general rule. Depositions may be heard (1) to show fraud on the part of the magistrate; (2) to show corruption; (3) to show partiality; and (4) to show a false record. This latter point is the only one to be considered in the present case. In discussing this point we say that there is no evidence showing an intentional violation of any duty on the part of the magistrate. The most that can be said is that an error was inadvertently committed. While the transcript states that "all the evidence was heard," the fact is that no evidence of any kind was heard, and that nobody was sworn. The magistrate might have been misled by his belief that the defendant had interposed a plea of *nolo contendere;* but the record itself contradicts this idea, because the finding of the magistrate is based upon evidence received.

As to the plea of *nolo contendere*, it has no place before a committing magistrate. It is a mild form of pleading guilty to an indictment, and is seldom used in Pennsylvania, though in general practice in some of the New England states. In Wharton's Criminal Law it is stated: "It (the plea) has the same effect as a plea of guilty so far as concerns the proceedings upon the indictment, and a defendant who is sentenced upon such a plea to pay a fine is convicted of the offence charged in the indictment." A plea of this kind is an anomaly in proceedings before a justice of the peace, or an alderman, or a police magistrate. It can be interposed only to an indictment in the criminal court.

City of Scranton v. Evans.

It appears that when the defendant was called to answer at the hearing, the proceedings were conducted with such celerity that he hardly knew what had happened. The magistrate asked the defendant: "Is it true, what we have read to you?" The defendant answered: "I stand mute, give me a trial." Then the magistrate said: "You are fined $50; this case is over. Next case." Such a method of disposing of a case is to be severely condemned. The defendant was entitled to a fair trial. He was entitled to hear the testimony of the witnesses against him. As stated before, there was no evidence offered, nobody was sworn, and the defendant was not heard. These facts are not controverted by the depositions of the appellee, probably because counsel for the appellee relied on a point of law.

The defendant paid the fine in each case under protest.

Now, Nov. 28, 1923, the proceedings are reversed.

From William A. Wilcox, Scranton, Pa.